UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARIEL I. HOUGH, JR., | |
| Petitioner, | Case No. 4:06-cv-142 |
| v. | Honorable Wendell A. Miles |
| ALLEGAN COUNTY CIRCUIT COURT et al., | |
| Respondents. | |

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Discussion**

    I.       Factual allegations

Petitioner is presently incarcerated at the Lakeland Correctional Facility. After pleading guilty, Petitioner was convicted in Allegan County Circuit Court of uttering and publishing, MICH. COMP. LAWS § 750.249. On August 20, 2004, the trial court sentenced Petitioner to imprisonment of twenty-three months to fourteen years. The Michigan Court of Appeals (docket number 258230) dismissed Petitioner's delayed application for leave to appeal on May 19, 2005 for "lack of merit in the grounds presented."[1] On December 15, 2005, the Michigan Supreme Court remanded Petitioner's case to the Allegan County Circuit Court for the following determinations: (i) whether Petitioner was on parole when incarcerated on the uttering and publishing charge; (ii) whether Petitioner was entitled to a sentencing credit under MICH. COMP. LAWS § 769.11b between June 17, 2004 and August 20, 2004; and (iii) to correct Petitioner's presentence investigation report to accurately reflect the number of Petitioner's convictions and his parole status, if necessary. *People v. Hough,* 706 N.W.2d 742 (Table) (Mich. Dec. 15, 2005).

Petitioner filed a second delayed application for leave to appeal in the Michigan Court of Appeals (docket number 271427) alleging that the Allegan County Circuit Court failed to hear his case on remand. Because Petitioner failed to conform with the Michigan Court rules, the Michigan Court of Appeals dismissed Petitioner's appeal on August 16, 2006. On November 29, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was

---

[1] Petitioner failed to provide specific information regarding his appellate court filings in his application for habeas corpus relief. The Court therefore obtained pertinent information from the Michigan Court of Appeals website at http://www.courtofappeals.mijud.net for court of appeals docket numbers 258230 and 271427.

not persuaded it should review the issues presented. *People v. Hough,* No. 131933, 2006 WL 3447299, at *1 (Mich. Nov. 29, 2006).

In his application for habeas corpus relief, Petitioner appears to allege that the Allegan County Circuit Court failed to hold a remand hearing pursuant to the Michigan Supreme Court's December 15, 2005 order. Petitioner therefore raises the following grounds for habeas corpus relief: (i) the trial court failed to correct his pre-sentence investigation report; (ii) the trial court failed to consider his entitlement to a sentencing credit under MICH. COMP. LAWS § 769.11b; and (iii) the trial court failed to consider whether Petitioner was on parole at the time of his uttering and publishing conviction. (Pet. at 6 - 11.)

II.     Merits

A federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2000). The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("reemphaz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because Petitioner's grounds for habeas corpus relief were resolved by the Allegan County Circuit Court on remand, his claims do not implicate the United States Constitution or laws or treaties of the United States and are not cognizable on federal habeas corpus review.

In his application for habeas corpus relief, Petitioner essentially argues that the Allegan County Circuit Court failed to hold a remand hearing in accordance with the December 15,

2005 order of the Michigan Supreme Court. To the contrary, the Allegan County Circuit Court held a remand hearing on February 23, 2006, and issued an order on February 24, 2006 in *People v. Hough,* File No. 04-13757-FH. *See* 2/23/06 Allegan County Circuit Court Order, File No. 04-13757-FH, docket #47.[2] After considering the parties' arguments, the trial court verified all of the convictions listed in Petitioner's pre-sentence report. *Id.* The trial court also found that the pre-sentence report did not need to be corrected. *Id.* Further, the trial court held that Petitioner was entitled to a sentence credit of sixty-three days, for time served between June 17, 2004 and August 20, 2004, even though Petitioner had escaped from parole in the State of Colorado at the time he committed the instant offense. *Id.* As the Allegan County Circuit Court considered all of the issues remanded by the Michigan Supreme Court, I recommend that this Court dismiss Petitioner's application for habeas corpus relief for failure to raise a meritorious federal claim.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: January 31, 2007           /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 United States Magistrate Judge

---

[2] A copy of the February 24, 2006 order of the Allegan County Circuit Court in People v. Hough, File No. 04-13757-FH, docket #47, is attached.

- 5 -

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).