UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIEL I. HOUGH, JR.,

        Petitioner,

                              Case No. 4:06-cv-142

v.

                              Hon. Wendell A. Miles

ALLEGAN COUNTY CIRCUIT COURT et al.,

        Respondents.
_____/

OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Dariel I. Hough's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation (R&R) of January 31, 2007, which recommended Petitioner's petition for writ of habeas corpus be dismissed for failure to raise a meritorious federal claim.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. Id.

Petitioner pleaded guilty to uttering and publishing, MICH. COM. LAWS § 750.249, in the Allegan County Circuit Court, and was sentenced to a term of imprisonment of twenty-three months to fourteen years. On appeal, the Michigan Supreme Court remanded the case to the Allegan County Circuit Court to determine (I) whether Petitioner was on parole when incarcerated on the uttering and publishing charge; (ii) whether Petitioner was entitled to a sentencing credit under MICH. COMP. LAWS § 769.11b between June 17, 2004 and August 20,

2004; and (iii) to correct Petitioner's presentence investigation report to accurately reflect the number of Petitioner's convictions and his parole status, if necessary. People v. Hough, 706 N.W.2d 742 (Table) (Mich. Dec. 15, 2005). On February 23, 2006, the Allegan County Circuit Court held a hearing, which Petitioner claims he was not permitted to attend. On February 24, 2006 the Allegan County Circuit Court issued an order finding that (a) all convictions listed on Defendant's presentence report had been verified and therefore, the presentence report need not be corrected, (b) Defendant had escaped parole from the State of Colorado at the time he committed the crime at issue in the case, and © Defendant was entitled under the relevant Michigan statute to sentence credit of 63 days. In his pro se petition for habeas relief, Petitioner claims that the trial court failed to correct his presentence report; failed to consider his entitlement to a sentencing credit under MICH. COM. LAWS § 769.11b; and failed to consider whether he was on parole at the time of his uttering and publishing conviction.

      The Magistrate Judge concluded that Petitioner's claims were resolved by the Allegan County Circuit Court on remand, and because his claims do not implicate the United States Constitution, they are not cognizable on federal habeas corpus review. In his objection, Petitioner contends that the Allegan County Circuit Court did not correctly determine any of the facts ordered by the Michigan Supreme Court. He has attached 151 pages of exhibits to support his contention.

      A criminal defendant has no right under the federal constitution to individualized sentencing. United States v. Thomas, 49 F.3d 253, 261 (6th Cir. 1995). The Michigan sentencing guidelines establish only rules of state law; the guidelines do not establish a constitutionally protected interest in a particular minimum sentence. Cook v. Stegall, 56 F.

Supp.2d 788, 797 (E.D. Mich. 1999); Doyle v. Scutt, 347 F.Supp.2d 474, 485 (E.D. Mich. 2004) (petitioner had "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." The Michigan guidelines do not create substantive rights, but are merely "a tool to assist the sentencing judge in the exercise of discretion." People v. Potts, 461 N.W.2d 647, 650 (Mich. 1990).

It is well established that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); and see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("reemphaz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions) (citing Jeffers and Pulley v. Harris, 465 U.S. 37, 41 (1984)); Smith v. Sowders, 848 F.2d 735, 738 (6th Cir.1988). Thus, claims concerning violations of state law with respect to sentencing are not subject to federal habeas relief. Austin v. Jackson, 213 F.3d 298, 301 (6th Cir. 2000); and see Cheatam v. Hosey, 12 F.3d 211 (6th Cir. 1993) (departure from sentencing guidelines is issue of state law not cognizable in federal habeas review); Braun v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures).

Petitioner was convicted of uttering and publishing under MICH. COM. LAWS § 750.249, which provides that the offense is punishable by imprisonment for not more than fourteen years. He was sentenced to twenty-three months to fourteen years, which did not exceed the maximum sentence allowed by state law. Any errors in calculating his minimum sentence were errors of state law. Accordingly, the court finds that the Magistrate Judge correctly determined that Petitioner's claims for relief are not cognizable on federal habeas corpus review.

Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections and supporting documents, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #6), ADOPTS the Magistrate Judge's Report and Recommendation (docket. #4), and DISMISSES the Petition for Writ of Habeas Corpus (docket. #1).

So ordered this 7th day of March, 2007.

                                                 /s/ Wendell A. Miles  
                                                Wendell A. Miles  
                                                Senior U.S. District Judge