UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIEL I. HOUGH, JR.,

        Petitioner,

v.

        Case No. 4:06-cv-142

        Hon. Wendell A. Miles

ALLEGAN COUNTY CIRCUIT COURT et al.,

        Respondents.

                                   /

## ORDER

        Presently before the court is Petitioner's Motion to Amend and to Add 3 Defendants to Petition for Writ of Habeas Corpus. For the following reasons the court denies the motion.

        Petitioner seeks to add several additional defendants. A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254(a) is claiming that he "in custody in violation of the Constitution or laws or treaties of the United States." Thus, the proper respondent is the party who has custody of the petitioner, generally the warden of the prison where the petitioner is incarcerated. See Rule 2(a), RULES GOVERNING § 2254 CASES. It is inappropriate and unnecessary to name as respondents all individuals who were involved in the alleged constitutional violations.

        Petitioner also seeks to add claims of ineffective assistance of trial counsel and appellate counsel. An opinion and order adopting the magistrate judge's report and recommendation to dismiss the petition for failure to raise a meritorious federal claim has been entered. Once a district court dismisses a suit, the petitioner may either: (1) appeal the judgment; or (2) seek

leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60. See Graham v. Mercer, No. 00-1281, 2000 WL 1720972, at * 2 (6th Cir. Nov. 9, 2000); Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir.1996); Camp v. Gregory, 67 F.3d 1286, 1289 (7th Cir. 1995); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1489 (2d ed. 1990) ("Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."). As the Sixth Circuit summarized in GenCorp, Inc. v. Amer. Int'l Underwriters, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *id.*, an intervening change in controlling law, Collison v. Int'l Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir. 1994); Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. Davis, 912 F.2d at 133; Collison, 34 F.3d at 236; Hayes, 8 F.3d at 90-91 n. 3.

This case does not satisfy any of the relevant factors under Rule 59 for setting aside the judgment. Petitioner originally asserted claims pertaining to his sentencing based upon false or inaccurate information contained in the presentence report. The claims concerned violations of state law with respect to sentencing, and are not subject to federal habeas relief. Austin v. Jackson, 213 F.3d 298, 301 (6th Cir. 2000); Cheatam v. Hosey, 12 F.3d 211 (6th Cir. 1993); Braun v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures). Nor does the court find that a

manifest injustice will occur if the judgment is set aside.  Petitioner has not explained why he did not originally include the proposed claims along with his claims of sentencing errors.  In addition, he has failed to allege any facts to support claims that the performance of either trial counsel or appellate counsel was constitutionally ineffective.  In fact, he has alleged no basis for either claim.  Finally, Petitioner failed, both in his original petition and with the present motion, to provide information regarding his state appellate filings.  The court is unable to determine if the proposed claims have been exhausted.

For the foregoing reasons, the court DENIES Petitioner's Motion to Amend and to Add 3 Defendants to Petition for Writ of Habeas Corpus (docket #9).

So ordered this 20th day of March, 2007.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge