UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARIEL I. HOUGH,

        Petitioner,                          Case No. 4:06-cv-142

v.                                                     Honorable Wendell A. Miles

ALLEGAN COUNTY CIRCUIT
COURT et al.,

        Respondents.
_____/

## ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On March 20, 2007, the Court entered an order denying Petitioner's motion to amend and to add three respondents to his habeas corpus petition (docket #12). On March 26, 2007, the Court entered an order denying Petitioner's motion for appointment of counsel (docket #17). Petitioner has now filed a notice of appeal (docket #18) regarding those orders, and a motion for leave to proceed *in forma pauperis* on appeal (docket #19).

Sixth Circuit Internal Operating Procedure 5.1 provides that a $450.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. Petitioner was permitted to proceed before this Court *in forma pauperis*. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, he may continue that status on appeal unless this Court certifies that his appeal is not taken in good faith. Good faith is judged objectively and an appeal is taken in good faith when it seeks review of an issue which is not frivolous. *Coppedge v. United States*, 369 U.S.

438, 445 (1961). Detailed reasons for denying Petitioner's motion to amend and his motion for appointment of counsel were provided in the Court's March 20, 2007 order (docket #12) and the March 26, 2007 order (docket #17), respectively.

The Court reaffirms its decision and finds that the issues on which Petitioner might seek review are frivolous. The Court, therefore, certifies that the appeal is not taken in good faith. If Petitioner wishes to proceed with his appeal, he must pay the $455.00 appellate fee to the Clerk of this Court with thirty days of this order. Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

The Court also must decide whether grant a certificate of appealability. Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Janie Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not find that this court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner is DENIED leave to proceed *in forma pauperis* on appeal. The Court certifies that the appeal is not taken in good faith. If Petitioner wishes to proceed with his appeal, he must pay the $455.00 appellate fee to the Clerk of this Court with thirty days of this order. Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


Dated: <u>July 12, 2007</u>                                     /s/ Wendell A. Miles
                                                                Wendell A. Miles
                                                                Senior United States District Judge